UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT FALLS AQUACULTURE, LLC, <br>            Plaintiff <br><br> v. <br><br> UNITED STATES SMALL BUSINESS ADMINISTRATION, <br> KELLY LOEFFLER, in her official capacity as Administrator of the United States Small Business Administration, <br> SCOTT BESSENT, in his official capacity as United States Secretary of the Treasury, and <br> THE UNITED STATES OF AMERICA, <br>            Defendants | Civil Action No. |

## COMPLAINT

NOW COMES the plaintiff, Great Falls Aquaculture, LLC, by its attorney, Jeffrey R. Lindequist, Esq., complaining of the defendants, the United States Small Business Administration, Kelly Loeffler, in her official capacity as Administrator of the United States Small Business Administration, Scott Bessent, in his official capacity as United States Secretary of the Treasury, and the United States of America, as follows:

## INTRODUCTION

1. The plaintiff, Great Falls Aquaculture, LLC (hereinafter "Great Falls") seeks judicial review of the decision by the defendant, the United States Small Business Administration (hereinafter "SBA"), to deny Great Falls forgiveness of its Second Draw Paycheck Protection Program (hereinafter "PPP") loan obtained pursuant to the Coronavirus Aid, Relief and Economic Security Act (hereinafter the "CARES Act"), Pub.L.No. 116-136, 134 Stat. 281 (2020).

2. Congress's purpose in enacting the CARES Act was to ensure continued employment and income for millions of Americans by providing a direct incentive for businesses to keep workers on their payroll during a difficult period of time.

3. To accomplish this purpose, Congress authorized the SBA to guarantee hundreds of billions of dollars in loans to small businesses, and Congress pledged to forgive those loans provided that, among other things, the business used most of the proceeds to pay their employees. *See* 15 U.S.C. §§ 646(a)(36), 636m.

4. As with all SBA guaranteed loans, PPP loans were made by private lenders.

5. Great Falls applied for and received two (2) PPP loans through their preferred lender, Monson Savings Bank (hereinafter "Monson").

6. Great Falls' First Draw PPP Loan was forgiven without incident; however, it was denied forgiveness of its Second Draw PPP loan after protracted review by the SBA, culminating in two (2) separate administrative appeals.

7. Great Falls applied to Monson for forgiveness of its Second Draw PPP loan by way of application dated November 19, 2021, and Monson approved the forgiveness request on December 6, 2021.

8. First, on January 26, 2023, the SBA denied Great Falls forgiveness for its second draw PPP loan due to the clearly erroneous claim that Great Falls was ineligible for the first draw loan – a decision that was withdrawn by the SBA after administrative appeal.

9. Second, on May 1, 2025, after reconsidering the earlier, and clearly erroneous, denial, the SBA denied Great Falls forgiveness, alleging discrepancies with the tax information provided by Great Falls.

10. Great Falls made a timely appeal of the SBA's denial to the SBA's Office of Hearings and Appeals (hereinafter "OHA"), contesting the SBA's allegation of discrepancies in the tax information supplied by Great Falls.

11. The OHA upheld the SBA's denial decision, and Great Falls now seeks judicial review of that erroneous decision.

## PARTIES

12. Great Falls is a Massachusetts limited liability company with a principal place of business at 1 Australia Way, Turners Falls, Montague, Massachusetts 01376.

13. The SBA is an independent federal agency created and authorized pursuant to 15 U.S.C. § 633, *et seq.,* and has been charged by the CARES Act with the administration of the PPP.

14. The defendant, Kelly Loeffler, is the Administrator of the SBA and is sued in her official capacity only as authorized by 15 U.S.C. § 643(b).

15. The defendant, Scott Bessent, is the Secretary of the United States Department of the Treasury, is named in his official capacity only and is a proper defendant for causes of action brought under the Administrative Procedures Act (hereinafter "APA") as the officer with final authority in all matters relating to the United States Department of the Treasury including the PPP administered by the SBA.

16. The defendant, the United States of America, is a proper defendant for causes of action brought under the APA as authorized by 5 U.S.C. § 702.

## JURISDICTION AND VENUE

17. This case arises under the APA, and this Court has jurisdiction over this civil action. 5 U.S.C. § 701, *et seq.*; 15 U.S.C. § 634(b)(1); 13 C.F.R. § 134.1211(g).

18. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Great Falls' claim for declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202, 5 U.S.C. § 701, *et seq.*, Fed.R.Civ.P 57, and by the inherent equitable powers of this Court.

19. Great Falls has exhausted all available administrative remedies as required by 13 C.F.R. § 134.1201(d) as follows:

    a. Great Falls took a timely appeal of the May 1, 2025 denial to the SBA's Office of Hearings and Appeals (hereinafter "OHA") on May 7, 2025, in the manner provided by 13 C.F.R. §134.1202.

    b. The OHA upheld the SBA's denial by way of Decision dated August 15, 2025.

    c. Great Falls sought reconsideration of the OHA's decision by way of a timely Petition for Reconsideration dated August 25, 2025, in the manner provided by 13 C.F.R. § 134.1211(c).

    d. The OHA again upheld the SBA's denial by way of Reconsidered Initial Decision dated September 2, 2025.

    e. The Administrator did not elect to review or reverse either the initial decision or reconsidered decision of the OHA and, as a result, the Reconsidered Initial Decision became the final decision of the SBA on October 2, 2025, as set forth in 13 C.F.R. § 134.1211(c)(3).

20. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(e), 1402 and 13 C.F.R. § 134.1211(g) as Great Falls maintains its principal place of business within the District of Massachusetts.

## BACKGROUND

**I.   The CARES Act.**

21. Congress passed the CARES Act on March 25, 2020, to mitigate the adverse economic effects caused by the COVID-19 pandemic. Pub.L.No. 116-136, 134 Stat. 281 (2020).

22. The CARES Act also included the PPP, which provided the SBA with funding authority to operate a loan program designed to assist small businesses during the COVID-19 pandemic. *Id.* at § 1102; 15 U.S.C. § 636(a).

23. Congress created the PPP through an amendment to Section 7(a) of the Small Business Act and charged the SBA with administration of the PPP. 15 U.S.C. § 636(a).

24. Section 1102 of the CARES Act permitted the SBA to guarantee one hundred percent (100%) of loans under the PPP to eligible businesses.

25. Section 1106 of the CARES Act provided for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

26. While eligibility for the SBA 7(a) loan program is typically restricted, Section 1102(b) of the CARES Act significantly expanded eligibility to "any business concern…which employs not more than 500 employees…" for the period between February 15, 2020 and June 30, 2021.

27. Congress authorized third-party lenders to make and approve PPP Loans to eligible entities under the PPP. *See* 15 U.S.C. § 636(a)(36)(F)(i).

28. Borrowers were eligible for a First Draw PPP Loan where that borrower was in operation as of February 15, 2020, and had paid employees. *Id.* at § 636(a)(36)(F)(ii).

29. Borrowers that received First Draw PPP Loans, and used those funds for authorized purposes, were eligible for Second Draw PPP Loans if they had three hundred (300) or fewer employees and experienced a revenue reduction in 2020 relative to 2019. *Id.* at § 636(a)(37)(A)(vi).

30. Borrowers who received PPP loans were entitled to complete forgiveness if certain conditions were met. 15 U.S.C. § 636m(b).

31.     In particular, an eligible borrower was entitled to forgiveness to the extent that PPP loan funds were spent on payroll costs, payment of interest on covered debts, payment of covered rent, payment of covered utilities, payment of covered operations expenditures, payment of covered property damage, payment of covered supplier costs, and payment of covered worker protection expenditures. *Id.*

## II.   Great Falls' First and Second Draw PPP Loans.

32.     Great Falls was one of many businesses that was materially and adversely affected by the COVID-19 pandemic.

33.     As a result, Great Falls submitted an application for a First Draw PPP Loan to Monson on or about April 2, 2020.

34.     Monson approved Great Falls' First Draw PPP Loan and Great Falls used all of the proceeds of that loan for authorized purposes.

35.     Great Falls received forgiveness of its First Draw PPP Loan on or about February 25, 2021.

36.     Having experienced revenue reduction in 2020 relative to 2019, Great Falls submitted a Second Draw PPP Loan application to Monson on or about January 12, 2021.

37.     Monson approved Great Falls' Second Draw PPP Loan application on or about February 26, 2021.

38.     Using the metrics established by the PPP, Great Falls received a Second Draw PPP Loan in the amount of $211,200.00 on or about March 8, 2021.  15 U.S.C. § 636(a)(37)(C)(i).

## III.  SBA's First Denial of Forgiveness of the Second Draw PPP Loan.

39.     Great Falls applied for forgiveness of its entire Second Draw PPP Loan by way of an application dated November 19, 2021.

40. Monson approved Great Falls' request for forgiveness in the full amount of the Second Draw PPP Loan on or about December 6, 2021.

41. More than a year later, on January 26, 2023, the SBA denied forgiveness for Great Falls' Second Draw PPP Loan.

42. As grounds for this denial, the SBA found that "the Borrower's previously received First Draw PPP Loan was determined to be ineligible, therefore the Borrower's Second Draw PPP Loan is ineligible."

43. The SBA's determination was clearly erroneous, as the SBA had granted forgiveness of the First Draw PPP Loan, and Great Falls was never informed that its First Draw PPP Loan was ineligible.

44. Given the SBA's clear error, Great Falls filed a timely appeal to the OHA in the manner set forth in 13 C.F.R. § 134.1202(a).

45. On February 24, 2023, the SBA filed a motion to dismiss Great Falls' appeal due to its decision, on February 16, 2023, to withdraw its denial.

46. The SBA's motion to dismiss was accompanied by an Affidavit attesting to the fact that the SBA had elected to withdraw its denial on February 16, 2023, and further stating that the withdrawal was made because the SBA "determined that it is necessary to complete a further review of the loan."

47. As the SBA's withdrawal of its final decision deprived the OHA of jurisdiction, the OHA dismissed Great Falls' appeal on February 28, 2023.

**IV.    SBA's Reconsideration and Second Denial of Forgiveness of the Second Draw PPP Loan.**

48.    More than two (2) years after withdrawing the January 26, 2023, denial, the SBA again denied Great Falls' application for loan forgiveness by way of letter dated May 1, 2025.

49.    As reason for the denial, the SBA found that Great Falls was "ineligible for the PPP Loan amount" based upon purported discrepancies in the tax information reviewed by the SBA.

50.    The alleged discrepancy at issue relates to the tax returns and tax transcripts supplied by Great Falls in connection with its forgiveness application.

51.    In particular, the SBA reports that it has two (2) tax returns for 2019 but only one (1) tax transcript for 2019, and that the tax transcript matches only one of the tax returns.

52.    Great Falls initially filed a tax return for 2019 in which it reported all income and expenses on IRS Form 1065.

53.    Whereas Great Falls engages in aquaculture, a form of farming, it elected to file an amended return to report its income and expenses on Schedule F rather than IRS Form 1065.

54.    The income and expenses reported on the initial 2019 return and the amended 2019 return are identical.

55.    Shortly after filing its application for forgiveness, the SBA made a number of requests for tax information.

56.    Between April of 2022 and September of 2022, the SBA requested tax returns and IRS tax transcripts with respect to 2018, 2019, and 2020.

57.    Great Falls supplied this information in 2022, and the SBA made no further request for tax transcripts or offered any indication that there were any problems with the tax information filed for some years.

58. On December 17, 2024, the SBA requested that Great Falls provide copies of Great Falls' tax returns and other tax documents for 2019, 2020, and 2021; however, no request or mention was made of any tax transcripts.

59. On March 27, 2025, the SBA issued a letter to Monson asking for an explanation of why, among other things, "[t]ax returns and transcripts do not match the areas of each schedule correctly."

60. Monson responded to this request, however, Great Falls was not privy to the response, Monson was unable to keep a copy of the response, and the SBA failed to include the response in the administrative record despite Great Falls' objection.

61. Apparently unsatisfied with the explanation provided by Monson, the SBA denied forgiveness on May 1, 2025, and Great Falls filed a timely appeal to the OHA in the manner set forth in 13 C.F.R. § 134.1202(a).

**V.   OHA Proceedings.**

62. The SBA filed the Administrative Record (hereinafter the "Record") on May 28, 2025.

63. Great Falls objected to the Record on July 7, 2025, as it appeared that the SBA had omitted material information necessary to the proper review of Great Falls' application for forgiveness.

64. In particular, Monson served as a conduit between Great Falls and the SBA in regards to the exchange of requested information.

65. While many documents were submitted by Monson, Monson was also given the opportunity to provide responses to questions by inputting that information into a form on the SBA's PPP portal.

66. Though a number of such comments are referred to throughout the Record, the SBA did not reproduce these responses in the record and, by virtue of the portal system offered, Monson was not able to save an independent copy of the information it entered into this system.

67. Upon information and belief, Monson responded to the tax transcript inquiry that serves as a basis for the SBA's denial in this fashion, and the failure to include that response materially affected Great Falls' ability to seek review of the SBA's denial and the OHA's ability to conduct that review.

68. Nevertheless, the OHA overruled Great Falls' objection and excused the SBA's failure to include these materials in the administrative record despite the requirement that the Record "shall include non-privileged, relevant documents that SBA considered in making its final loan review decision or that were before SBA at the time of the final loan review decision." 13 C.F.R. § 134.1207(b).

69. On August 15, 2025, the OHA issued an Initial Decision affirming the SBA's denial of forgiveness, finding that Great Falls was not an eligible entity with respect to the Second Draw PPP Loan due to the alleged discrepancies in the 2019 tax filings.

70. While the OHA's decision was lengthy, it was based upon a misapplication of the principles cited and was, therefore, erroneous.

71. *First,* the OHA found the alleged discrepancies in the 2019 tax filings material by reference to a Questions and Answers Section accompanying the SBA's Interim Final Rules.

72. In particular, the OHA relied upon Question and Answer #4, which relates to how partnerships calculate the maximum draw amount with respect to the Second Draw PPP Loan.

73. While the SBA claims that Schedule F is utilized for this task, the guidance is devoid of any reference to tax transcripts and, instead, references IRS Form 1065 and IRS Form 941.

74. Great Falls supplied both the original 2019 Form 1065 and the amended 2019 Form 1065, and also supplied the 2019 Form 934 – the farming equivalent of IRS Form 941.

75. While the amended 2019 Form 1065 and accompanying Schedule F are not supported by a tax transcript, the reported income and deductions are identical.

76. Where the borrower's tax transcripts are not required by the language relied upon by the OHA, it was an error for the OHA to deny forgiveness under the quoted language for lack of the amended tax transcript.

77. *Second,* the OHA cited 13 C.F.R. § 134.1201(b) for the proposition that the "SBA is obligated to review the entirety of the borrower's loan application, approval, and forgiveness request" as grounds for finding the alleged 2019 tax discrepancies material.

78. The cited regulation contains no such directive.

79. Rather, 13 C.F.R. § 134.1201(b) enumerates what final loan decisions made by the SBA may be reviewed by the OHA, and it offers no guidance as to what materials the SBA may require a borrower to supply in support of a forgiveness application.

80. *Third,* the OHA found that the 2019 amended tax return transcript was required for a loan review by reference to the materials required by 15 U.S.C. § 636m(b, e, f) and that Great Falls' alleged failure to supply that form was fatal to its application.

81. However, the statute does not support the claim.

82. 15 U.S.C. § 636m(e)(1) requires the borrower to submit "payroll tax filings reported to the Internal Revenue Service; and State income, payroll, and unemployment insurance filings…"

83. This requirement was met by Great Falls' submission of its 2019 Form 943, and the statute makes no mention of tax transcripts as a required filing.

84. While 15 U.S.C. § 636m(e)(2) references "transcripts of accounts," the statute does not specify that these include tax transcripts.

85. Moreover, these "transcripts of accounts" are among those items of "documentation" related to "verifying payments on covered mortgage obligations, payments on covered rent obligations, payments on covered operations expenditures, payments on covered property damage costs, payments on covered supplier costs, payments on covered worker protection expenditures, and covered utility payments." *Id.*

86. As "transcripts of accounts" does not appear with the language enumerating the tax information required in support of a forgiveness application, the SBA may not condition forgiveness upon the production of tax transcripts and, as a result, it was an error to deny Great Falls' forgiveness application on the alleged failure to submit materials not explicitly required by the statute.

87. This error is compounded by the OHA's denial of Great Falls' objections to the record, as the omitted materials may have contradicted the charge that Great Falls failed to supply a requested tax return or offered sufficient explanation for the omission.

88. *Finally,* the SBA's finding that Great Falls was not a covered entity is unsupported by the Record.

89. A business is eligible for a Second Draw PPP Loan if it has less than three (300) employees and demonstrates a reduction in revenue between 2019 and 2020. 15 U.S.C. 636(a)(37)(iv)(I).

90. The materials supplied by Great Falls confirms that it met these requirements.

91. While a tax transcript was allegedly not supplied with respect to its amended 2019 return, the reported income and deductions does not deviate from the initial return supported by a tax transcript.

92. Even if Great Falls failed to supply the amended 2019 tax transcript, it is materially unjust to deprive Great Falls of forgiveness that it would otherwise be entitled to due to the lack of this single document.

93. The 2019 tax information does not give rise to an inference of dishonesty as the reported income and deductions remain the same.

94. The SBA requested the subject information in 2022 and gave Great Falls no indication that the tax information supplied was lacking, other than to request duplicate copies of tax returns – but not tax transcripts – again in 2024.

95. Failure to afford Great Falls any meaningful opportunity to correct a minor deficiency is not only unfair, but also contrary to the remedial nature of the CARES Act.

96. Again, this error is compounded by the OHA's decision to overrule Great Falls' objection to the record, as this decision permitted the SBA to omit material information that may have demonstrated that Great Falls had supplied the requested tax transcript or offered a satisfactory explanation for the omission.

97. Great Falls explicitly raised some of these errors by way of a Petition for Reconsideration filed on August 25, 2025, pursuant to 13 C.F.R. § 134.1211(c).

98. The OHA denied Great Falls' petition and issued a Reconsidered Initial Decision on September 2, 2025, almost identical to the Initial Decision.

99. The OHA's Reconsidered Initial Decision became final on October 2, 2025. 13 C.F.R. § 134.1211(c)(3).

## COUNT I
### (Judicial Review of an Agency Action – 5 U.S.C. § 701, *et seq.*)

100. Great Falls here restates the allegations of paragraphs 1 through and including 99 as if the same were herein separately set forth.

101. This Court is authorized and empowered to review the SBA's May 1, 2025 denial of forgiveness (hereinafter the "SBA Final Decision") and the OHA's Reconsidered Initial Decision dated October 2, 2025 (hereinafter the "OHA Final Decision").

102. Under the APA, the Court "shall … hold unlawful and set aside agency action, findings, and conclusions found to be…arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law…unsupported by substantial evidence…."  5 U.S.C. § 706(2).

103. The SBA Final Decision and the OHA Final Decision were based on errors of fact, errors of law, were arbitrary, capricious, an abuse of discretion, and not supported by substantial evidence.

104. This Court should find and hold the SBA Final Decision and the OHA Final Decision to be unlawful and should set them aside and grant Great Falls forgiveness of its Second Draw PPP Loan in its entirety.

## COUNT II
### (Declaratory Judgment – 28 U.S.C. §§ 2201, 2202)

105. Great Falls here restates the allegations of paragraphs 1 through and including 104 as if the same were herein separately set forth.

106. There is an actual and existing controversy between the parties as to the denial of Great Falls' request for forgiveness of its Second Draw PPP Loan.

107. The SBA Final Decision and the OHA Final Decision were based on errors of fact, errors of law, were arbitrary, capricious, an abuse of discretion, and not supported by substantial evidence.

108. Great Falls was entitled to forgiveness of its Second Draw PPP Loan in its entirety and that the SBA Final Decision and the OHA Final Decision denying forgiveness were erroneous.

109. Great Falls is entitled to judgment vacating and reversing the SBA Final Decision and the OHA Final Decision, and further entitled to judgment ordering the SBA to fully forgive Great Falls' Second Draw PPP Loan.

WHEREFORE, the plaintiff, Great Falls Aquaculture, LLC, claims the following relief against the defendants, the United States Small Business Administration, Kelly Loeffler, in her official capacity as Administrator of the United States Small Business Administration, Scott Bessent, in his official capacity as United States Secretary of the Treasury, and the United States of America, on each count:

1. Reverse and set aside the SBA Final Decision and the OHA Final Decision and direct the SBA to issue a new decision forgiving Great Falls' Second Draw PPP Loan;

2. In the alternative, to reverse and set aside the SBA Final Decision and the OHA Final Decision and remand the matter to the SBA for further consideration of Great Falls' Second Draw PPP Loan forgiveness application;

3. Declare that Great Falls was eligible for the Second Draw PPP Loan and was entitled to complete forgiveness thereof;

4. Award the costs and reasonable attorneys' fees to the extent permitted by law; and

5.      Grant such other relief as this Court may deem just and proper.

**PLAINTIFF,**
**GREAT FALLS AQUACULTURE, LLC**

BY: */s/ Jeffrey R. Lindequist, Esq.*
     Jeffrey R. Lindequist, Esq.
     Parker & Lindequist
     One Monarch Place, Suite 2220
     Springfield, MA 01144
     Telephone: (413) 736-4101
     Facsimile: (413) 736-4582
     jlindequist@mdparkerlaw.com
     Board of Bar Overseers #669922

DATED: December 1, 2025